**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE:

JOE HOUSTON,

    Plaintiff,

v.

ABC DEVELOPMENT INC., S17TPA, CORP., PAVILLON CORP D/B/A PAVILLON FISH N CHIPS BAR and DONNA'S RESTAURANT AND COCKTAIL LOUNGE, INC. D/B/A DONNA'S CARIBBEAN RESTAURANT,

    Defendants.
_____/

**COMPLAINT**

Plaintiff, JOE HOUSTON, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues ABC DEVELOPMENT INC., S17TPA, CORP., PAVILLON CORP D/B/A PAVILLON FISH N CHIPS BAR and DONNA'S RESTAURANT AND COCKTAIL LOUNGE, INC. D/B/A DONNA'S CARIBBEAN RESTAURANT (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42

U.S.C. § 12181, et seq.

4. Plaintiff, JOE HOUSTON, is an individual over eighteen years of age, with a residence in Broward County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, ABC DEVELOPMENT INC., was and is a Florida Corporation, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

6. At all times material, Defendant, S17TPA, CORP., was and is a Florida Corporation, organized under the laws of the State of Florida, with its principal place of business in Doral, Florida.

7. At all times material, Defendants, ABC DEVELOPMENT INC. and S17TPA, CORP., owned and/or operated a commercial shopping plaza at 5426-5464 N University Drive, Lauderhill, Florida 33351 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

8. At all times material, Defendant, ABC DEVELOPMENT INC., was and is a Florida Corporation, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

9. At all times material, Defendant, PAVILLON CORP, owned and/or operated a commercial restaurant at 5444 N University Drive, Lauderhill, Florida 33351 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida. Defendant, PAVILLON CORP, holds itself out to the public as "PAVILLON FISH N CHIPS BAR."

10. At all times material, Defendant, PAVILLON CORP, was and is a Florida Corporation, organized under the laws of the State of Florida, with its principal place of business

in Lauderhill, Florida.

11. At all times material, Defendant, DONNA'S RESTAURANT AND COCKTAIL LOUNGE, INC., owned and/or operated a commercial restaurant at 5434 N University Drive, Lauderhill, Florida 33351 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida. Defendant, DONNA'S RESTAURANT AND COCKTAIL LOUNGE, INC., holds itself out to the public as "DONNA'S CARIBBEAN RESTAURANT" and "DONNA'S RESTAURANT AND COCKTAIL LOUNGE, INC."

12. At all times material, Defendant, DONNA'S RESTAURANT AND COCKTAIL LOUNGE, INC., was and is a Florida Corporation, organized under the laws of the State of Florida, with its principal place of business in Lauderhill, Florida.

13. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Broward County, Florida, Defendants regularly conducts business within Broward County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Broward County, Florida.

## FACTUAL ALLEGATIONS

14. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants has yet to make its facilities accessible to individuals with disabilities.

15. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continues to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses and properties.

16. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

17. Plaintiff, JOE HOUSTON, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOE HOUSTON, is substantially limited in major life activities due to his impairment and requires the use of a wheelchair to ambulate. He has very limited use of his hands and cannot operate any mechanisms, which require tight grasping or twisting of the wrist. Plaintiff, JOE HOUSTON, is also a member of the Plaintiffs organization, ACCESS 4 ALL INCORPORATED, discussed below.

18. Defendants, ABC DEVELOPMENT INC. and S17TPA, CORP., own, operate and/or oversee the Commercial Property, its general parking lot/or and parking spots specific to the businesses therein, located in Lauderhill, Florida, that is the subject of this Action.

19. Defendants, PAVILLON CORP and DONNA'S RESTAURANT AND COCKTAIL LOUNGE, INC., each own, operate and/or oversee the restaurant businesses located within the Commercial Property, located in Lauderhill, Florida, that is the subject of this Action.

20. Mr. Houston is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated much of his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

21. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Mr. Houston is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

22. The subject Commercial Property is open to the public and is located in Lauderhill,

Broward County, Florida. The individual Plaintiff visits the Commercial Property, to include a visit to the Commercial Property and the businesses located within the Commercial Property on or about November 2, 2022 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and the businesses located within the Commercial Property. He often visits the Commercial Property and the businesses located within the Commercial Property, in order to avail himself of the goods and services offered there because it is approximately located within the same county as his residence and is thirteen (13) miles from his residence and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property and the businesses located within the Commercial Property, within four (4) months of the filing of this Complaint.

23. The Plaintiff found the Commercial Property and the businesses located within the Commercial Property, to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property the business located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

24. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and business located within the Commercial Property. The barriers to access at the Commercial Property, and the businesses located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JOE HOUSTON, and others similarly situated.

25. Defendants, ABC DEVELOPMENT INC., S17TPA, CORP., PAVILLON CORP,

DONNA'S RESTAURANT AND COCKTAIL LOUNGE, INC., own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendants, ABC DEVELOPMENT INC., S17TPA, CORP., PAVILLON CORP and DONNA'S RESTAURANT AND COCKTAIL LOUNGE, INC., are responsible for complying with the obligations of the ADA. The places of public accommodation that Defendants, ABC DEVELOPMENT INC., S17TPA, CORP., PAVILLON CORP and DONNA'S RESTAURANT AND COCKTAIL LOUNGE, INC., own and/or operate the Commercial Property and the businesses located within, located at 5426-5464 N University Drive, Lauderhill, Florida 33351.

26. Plaintiff, JOE HOUSTON, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and the businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property and the businesses located within the Commercial Property, but to assure himself that the Commercial Property and the businesses located within the Commercial Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property and the businesses located within the Commercial Property, without fear of discrimination.

27. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages

and/or accommodations of the Commercial Property and the businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I - ADA VIOLATIONS**
**AS TO ABC DEVELOPMENT INC. and S17TPA, CORP.**

28. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

29. Defendants, ABC DEVELOPMENT INC. and S17TPA, CORP., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the business located within the Commercial Property, include but are not limited to, the following:

A. Parking and Exterior Accessible Route

    i. Accessible spaces lack clear and leveled aisles. The access aisles contain slopes or cross slope of >4% (>2%) violating the ADAAG Section 4.6 and ADAS Section 502 and endangering Plaintiff when unloading.

    ii. Accessible spaces lack clear and level aisles. The parking spaces contain slopes or cross slope of >4% (>2%) violating ADAAG Section 4.6 and ADAS Section 502 and endangering Plaintiff when unloading.

    iii. Accessible spaces lack clear and level aisles. The parking spaces contain slopes or cross slope of >3% (>2%) violating ADAAG Section 4.6 and ADAS Section 502 and endangering Plaintiff when unloading.

B. Entrance Access and Path of Travel

    i. Accessible routes, throughout the shopping center, have 3.3% cross slopes (>2%)

      violating ADAAG Section 4.3 and 2010 ADAS Sections 402 and 403 and creating hazardous conditions for Plaintiff.

ii. Accessible routes in the shopping center have changes in level of (>3/4") violating ADAAG Section 4.3 and 2010 ADAS Sections 402 and 403 and creating hazardous conditions for Plaintiff.

iii. Accessible routes, from the parking area at shopping center, have changes in level of > 1" (>3/4") violating ADAAG Section 4.3 and 2010 ADAS Sections 402 and 403 and creating hazardous conditions for Plaintiff.

iv. Accessible routes at the shopping center have changes in level of > 1" (>3/4") violating ADAAG Section 4.3 and 2010 ADAS Sections 402 and 403 and creating hazardous conditions for Plaintiff.

v. Curb ramps at the shopping center contain excessive slopes of 13.8% (>8.33%) violating ADAAG Section 4.7 and ADAS Section 406 and preventing Plaintiff from safe unloading.

## COUNT II - ADA VIOLATIONS
## AS TO ABC DEVELOPMENT INC., S17TPA, CORP. and PAVILLON CORP

30. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

31. Defendants, ABC DEVELOPMENT INC., S17TPA, CORP. and PAVILLON CORP, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the business located within the Commercial Property, include but are not limited to, the following:

A. <u>Access to Goods and Services</u>

i. Counters are >36", violating ADAAG Section 7.2(1) and preventing Plaintiff from usage.

ii. Table knee and toe space is 0" high and deep (27"/17"min), violating ADAAG Section 4.15 and preventing use by Plaintiff.

B. <u>Restrooms</u>

i. Maneuvering space 5" is inadequate, violating 2010 ADAS Section 404 and impeding Plaintiff from entering or exiting the restroom.

ii. Sink knee clearance 0" (27" min @ 8" deep) violating ADAAG Section 4.26 and 2010 ADAS Section 306 and preventing Plaintiff from accessing sink.

iii. Plaintiff unable to use mirror due to bottom-reflecting surface 44" AFF (40" AFF max), violating the ADAAG Section 4.19 and 2010 ADAS 603.

iv. Plaintiff cannot safely transfer to water closet at the shopping center due to a lack of clear floor space in violation of 2010 ADAS Section 604.

v. Toilet has improper centerline > 18" from side wall; (16" to 18"), violating the 2010 ADAS Section 604 and denying access to Plaintiff.

<b><u>COUNT III - ADA VIOLATIONS<br>AS TO ABC DEVELOPMENT INC., S17TPA, CORP.<br>and DONNA'S RESTAURANT AND COCKTAIL LOUNGE, INC.</u></b>

32. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

33. Defendants, ABC DEVELOPMENT INC., S17TPA, CORP. and DONNA'S RESTAURANT AND COCKTAIL LOUNGE, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible

facilities by January 26, 1992 (or January 26, 1993, if a Defendants has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property and the business located within the Commercial Property, include but are not limited to, the following:

A. <u>Access to Goods and Services</u>

i. Table knee and toe space is 0" high and deep (27"/17" min), violating ADAAG 4.15 and preventing use by Plaintiff.

ii. Table knee and toe space is 0", high (27" min) and < 17" deep (17" min), violating ADAAG 4.15 and preventing use by Plaintiff.

B. <u>Restrooms</u>

i. There are exposed pipes in restrooms at Shopping Center, violating ADAAG Section 4.19.4. causing safety issues for Plaintiff.

ii. Clear floor space is not available, violating 2010 ADAS Sections 305 and 602 and preventing Plaintiff from approaching restroom elements.

iii. Stall door is not self-closing and/or lacks proper hardware, violating 2010 ADAS Section 604 and preventing use by Plaintiff.

iv. Grab bars do not comply with ADAAG Section 4.26 and 2010 ADAS Sections 604 and 609, creating a hazardous condition for Plaintiff.

v. Toilet has improper centerline > 18" from side wall; (16" to 18"), violating 2010 ADAS Section 604 and denying access to Plaintiff.

vi. Toilet flush valve not mounted on wide side, violating ADAAG Section 4.6 and 2010 ADAS Section 604 and denying access to Plaintiff.

## RELIEF SOUGHT AND THE BASIS

34. The discriminatory violations described in the Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOE HOUSTON, from further ingress, use, and equal enjoyment of the Commercial Business; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

35. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

36. Defendants have discriminated against the individual Plaintiff by denying him

access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

37. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

38. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

39. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees

and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

40. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operates their businesses, located at and/or within the commercial property located at 5426-5464 N University Drive, Lauderhill, Florida 33351, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, JOE HOUSTON, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: December 5, 2022

                                         **GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
                      dperaza@lawgmp.com

By: ___/s/ *Anthony J. Perez*_____
       ANTHONY J. PEREZ
       Florida Bar No.: 535451
       BEVERLY VIRUES
       Florida Bar No.: 123713